JAMES E. LEYDA, APPELLANT, V. ISHAM REAVIS, APPELLEE.

FILED DECEMBER 7, 1906. NO. 14,495.

Trust Funds: PETITION: SUFFICIENCY. In an action to subject a trust fund to the payment of services rendered, it is necessary to allege not only the existence of the trust fund, but that some amount remains due for such services.

APPEAL from the district court for Richardson county: ALBERT H. BABCOCK, JUDGE. *Affirmed.*

*E. Falloon,* for appellant.

*John L. Webster, contra.*

EPPERSON, C.

On August 12, 1903, plaintiff Leyda, an attorney at law, filed a petition in the district court for Richardson county in words and figures following: "James E. Leyda, plaintiff, complains of the defendant, Isham Reavis, and for cause of action alleges that on the 15th day of November, 1895, the defendant, Isham Reavis, entered into a contract with William Deroin, by the terms of which contract the said William Deroin leased to Isham Reavis for a period of five years the east half of the northeast quarter of section 9, town 1, range 17, in Richardson county, Nebraska; that some time afterwards, about the 9th day of January, 1896, the defendant, Isham Reavis, sublet said farm to one Peter Boltz; that the object in making said lease and sublease was to procure money to make a defense for the said Deroin, who had been informed against in the district court for Richardson county, Nebraska, and charged with shooting with intent to kill; that at this time C. F. Reavis was the county attorney of Richardson county, Nebraska, and as the public prosecutor was charged with the duty of, and did, prosecute said William Deroin on said charge; that said C. F. Reavis was a son of the defendant, Isham Reavis, and the defendant, not wishing to appear as a defending attorney in said case, in which his son was acting as a public prosecutor, requested the plaintiff, James E. Leyda, and E. W. Thomas to appear in the district court during the latter part of the year 1895 and look after the defense of the said William Deroin; that at the time said case of *State of Nebraska v. William Deroin* was pending in the district court for

Richardson county, Nebraska, during the years 1895, 1896 and 1897, the plaintiff and E. W. Thomas did appear, at the request of the defendant, and make the defense for the said William Deroin on said charge; that said Isham Reavis collected, by virtue of the said lease, from Peter Boltz the sum of $450 as rent money on said land, and which money was to be used in the payment of fees to the plaintiff and E. W. Thomas for defending the said Deroin on said charge of shooting with intent to kill; that the said defendant, Isham Reavis, had no interest in the said $450, but held the same as naked trustee for the use and benefit of E. W. Thomas and this plaintiff; that the defendant, disregarding his duties as a trustee in this matter and for the purpose of cheating and defrauding this plaintiff out of his just proportion of said $450, concealed from this plaintiff all knowledge of said lease and sublease and his collection of said $450, and this plaintiff never knew until within about 30 days before this suit was brought that said lease and sublease had been made for his benefit, or that said Isham Reavis, as trustee, had collected said $450. A copy of said lease and sublease are hereto attached, marked exhibits 'A' and 'B,' and made a part thereof. Said trustee and defendant, Isham Reavis, has never paid the plaintiff his share of said $450, or any part thereof. Wherefore, plaintiff prays that there may be an accounting had between plaintiff and defendant; that defendant be held a trustee of said fund, and that plaintiff have and recover from said defendant the sum of $225, being one-half the amount that said Isham Reavis collected as trustee of said fund, together with interest thereon at 7 per cent. per annum from the 9th day of January, 1896, and costs of suit."

That part of the original lease which is material to this action is as follows: "Said sum to be paid in the manner hereinafter stated, to wit, in services as attorney in defending said Deroin against two criminal charges in the district court for Richardson county, also in the supreme court of Nebraska. That part of the sublease which is ma-

terial is as follows: "The said Peter Boltz is to pay to his lessor, Isham Reavis, for the use of himself and associates in the defense of William Deroin, as mentioned in said original lease to which this is attached, the sum of $450 as their attorney fees for defending said Deorin against said charge in the district and supreme courts to a final issue, said Deroin being defended by Isham Reavis, E. W. Thomas and J. E. Leyda; and it is agreed by the parties that after said attorney fees are paid the said Peter Boltz is to pay the remainder of the rent for the term to William Deroin."

Defendant demurred to this petition on the ground that the petition did not state facts sufficient to constitute a cause of action.

It appears from the petition that defendant employed plaintiff to appear in court and assist in the defense of Deroin. Deroin did not employ plaintiff. Defendant, as far as the petition discloses, being the only person liable to plaintiff, was not guilty of fraud by his subsequent conduct. The lease from Deroin to defendant does not create an express trust in favor of plaintiff, or any other person. It simply recites that the rental is to be paid to defendant for services as attorney in defending Deroin. It cannot be said that the sublease was made for plaintiff's benefit. The excerpt therefrom *supra* was a declaration on the part of defendant as to what he then intended to do with the rental, but it was not necessary for the creation of a valid lease. Defendant's lessee was not in privity with plaintiff, and the declaration was no more than a statement of what defendant then intended to do with the funds of which he had control; and, for aught that appears in the petition, all the rent money may have been paid to Thomas. If so, it is not made to appear that plaintiff was wronged thereby. Plaintiff assumes that the making of the lease and his appearance in defense of Deroin, at the request of defendant, entitled him to recover one-half of the rent collected. In our opinion, the most serious trouble with plaintiff's petition is the omis-

sion of certain allegations necessary to complete a cause of action. Plaintiff does not allege the value of his legal services, nor that he was not paid from sources other than the alleged trust fund. It was not sufficient for plaintiff to allege the existence of the trust fund, but he should have alleged that there was due him some amount which the fund was created to secure.

We think the court rightly sustained the demurrer, and recommend that its judgment be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.